[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-12266

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAMIRO BURGOS, JR.,
a.k.a. Junior,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:11-cr-20413-PAS-2

————————————

Before ROSENBAUM, JILL PRYOR, and BLACK, Circuit Judges.

PER CURIAM:

Ramiro Burgos, Jr., a federal prisoner proceeding *pro se*, appeals the district court's denial of his counseled motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Burgos asserts the district court erred in denying his motion because it was allowed to consider intervening changes of law and fact in reducing his sentence, and because he established extraordinary and compelling reasons for his release. The Government, in turn, has moved for summary affirmance and to stay the briefing schedule, arguing that Burgos failed to show he was entitled to relief. After review,[1] we grant the Government's motion.

District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c). As amended by § 603(b) of the First Step Act, § 3582(c) now provides, in relevant part, that:

> [t]he court, upon motion of the Director of the Bureau of Prisons [BOP], or upon motion of the defendant after the defendant has fully exhausted all

———————————

[1] We review *de novo* a district court's determination about a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion under an abuse of discretion standard. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

> administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable *if it finds that . . . extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for compassionate release motions and § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The application notes to U.S.S.G. § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) other reasons. *Id.*, comment. (n.1(A)–(D)). Subsection D serves as a catch-all provision, providing a prisoner may be eligible for relief if, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, cmt. (n.1(D)). We concluded § 1B1.13 applies to all motions for compassionate release filed under § 3582(c)(1)(A), including those filed by prisoners, and thus a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's

definition of "extraordinary and compelling reasons." *United States v. Bryant*, 996 F.3d 1243, 1252–62 (11th Cir. 2021). Next, we concluded the catch-all provision in the commentary to § 1B1.13 did not grant to district courts, in addition to the BOP, the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1248, 1263, 1265.

As an initial matter, Burgos does not argue the district court erred in concluding that § 1B1.13, Subsection A did not provide him relief, nor does he argue the district court should have considered Subsections B or C, devoting his brief to Subsection D arguments. Thus, he has abandoned any challenge to the district court's conclusions as to Subsections A, B, or C. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating although we liberally construe *pro se* briefs, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned").

Moreover, Burgos's various challenges under Subsection D are foreclosed by our decision in *Bryant*. Burgos's arguments about changes in law, his medical conditions, and his rehabilitation, all fail because we concluded the district court could not develop other reasons outside those listed in § 1B1.13. *Bryant*, 996 F.3d at 1248, 1263, 1265.

Burgos's arguments about *Concepcion v. United States* do not change this conclusion as the Supreme Court in that case dealt with a sentence reduction request under § 404 of the First Step Act, not a motion for compassionate release under § 603(b). 142 S. Ct.

2389, 2404 (2022). In *Concepcion*, the Supreme Court held a district court considering a First Step Act § 404 motion may consider intervening changes of law and fact. *Id.* While the Supreme Court concluded there is no restraint on the information a court modifying a defendant's sentence can consider absent a limiting statutory or constitutional provision, it acknowledged that Congress has "expressly cabined" district courts's discretion in the § 3582(c)(1)(A) context. *Id.* at 2400-01.

Burgos did not show an extraordinary or compelling reason under § 1B1.13. The absence of that reason, one of the necessary conditions, foreclosed Burgos's motion for a sentence reduction. *See United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021) ("Under § 3582(c)(1)(A), the court must find that all necessary conditions are satisfied before it grants a reduction," and the absence of any one of the necessary conditions—support in the 18 U.S.C. § 3553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement—forecloses a sentence reduction).

Accordingly, because the Government's position is clearly correct as a matter of law, we **GRANT** the Government's motion for summary affirmance and **DENY** its motion to stay the briefing schedule as moot per 11th Cir. R. 31-1(c). *Groendyke Transp., Inc.*

*v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2] (providing summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . .").

**AFFIRMED.**

---

[2] In our en banc decision in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.